Jennifer SWITZER, Petitioner-Appellant,

v.

Jonathan C. SWITZER, Respondent-Respondent.

Court of Appeals

*No. 2004AP2943. Submitted on briefs June 14, 2005.
—Decided December 22, 2005.*

2006 WI App 10

(Also reported in 709 N.W.2d 871.)

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Christopher J. McKinny* of *Legal Action of Wisconsin, Inc.*, Oshkosh.

No brief was filed on behalf of the respondent-respondent.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Jennifer Switzer appeals an order denying her motion for reconsideration of an order denying her request for an extension of a domestic abuse injunction entered against her estranged husband, Jonathan C. Switzer. Jonathan failed to file a responsive brief. For the reasons we discuss in this opinion, we reverse and remand for the circuit court to extend the injunction entered against Jonathan for a period consistent with Jennifer's request in her motion for reconsideration.

## BACKGROUND

¶ 2. Because the chronology of events is important to the resolution of this case, we set them out in length. On February 3, 2004, Jennifer filed a petition for a domestic abuse temporary restraining order and injunction, pursuant to Wis. Stat. § 813.12 (2003–04),[1] seeking protection from her husband. In her petition, Jennifer stated under oath she was "in imminent danger of physical harm" and attached a two-page state-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

ment of facts referencing numerous past acts of abuse perpetrated by Jonathan against her and the couple's minor children. She requested the standard remedies under the domestic abuse statute, including an injunction. However, Jennifer did not indicate on the petition the period of time she wished to have the injunction in effect. The circuit court issued an order granting Jennifer's request for a temporary restraining order and scheduled a hearing on the petition for an injunction.

¶ 3. The circuit court held the injunction hearing on February 13, 2004; both Jennifer and Jonathan appeared by phone, pro se. Jonathan admitted engaging in acts of domestic abuse against Jennifer and both parties expressed a desire to divorce. The circuit court spent a great deal of time discussing its preference that the parties obtain a restraining order pursuant to a divorce rather than through a domestic abuse injunction. The circuit court orally granted the domestic abuse injunction; a written order was filed later that day.

¶ 4. Because Jennifer appeared telephonically at the injunction hearing, she did not immediately receive a copy of the order. When she eventually received a copy, it contained two provisions never discussed at the February 13, 2004 hearing: the injunction was to be effective until "2/13/2008 or 90 days if no divorce is filed" and the surrender-of-firearms provision in a standard injunction order form was crossed out. Jennifer did not appeal this order.

¶ 5. On May 13, 2004, Jennifer filed a written request with the circuit court to extend her domestic abuse injunction for an additional sixty days to allow her more time to file for divorce. Once again, on a standard form, the circuit court granted her request

that same day and her injunction was extended until July 11, 2004. The standard Order Extending Injunction form provided that "[t]he original terms of the injunction remain in full force and effect" and that "[t]he petitioner shall notify the respondent of this extension." Copies of the extension order were sent to both Jennifer and Jonathan.

¶ 6. Jennifer continued to experience problems with filing her divorce papers and eventually sought representation from Legal Action of Wisconsin, Inc. In early July 2004, Legal Action agreed to represent Jennifer. In a letter to the circuit court dated July 9, 2004, Jennifer's attorney, Christopher McKinny, asked that the domestic abuse injunction be extended for the full four-year period (until February 13, 2008) due to continuing safety concerns for Jennifer and her children.

¶ 7. On July 29, 2004, Jennifer moved for reconsideration of the circuit court's denial[2] of her request for an extension of the injunction. As grounds for this motion, Jennifer alleged that:

> a. The extension is necessary for the protection of the victim. According to § [813.12(4)(c)2.], Wis. Stats., "[w]hen an injunction granted for less than 4 years expires, the court shall extend the injunction if the petitioner states that an extension is necessary to protect him or her."

> b. The petitioner's original request was for a four[-]

---

[2] Jennifer's attorney, McKinny, asserts that he called the county courthouse on July 27, 2004, to inquire about the status of Jennifer's request to extend the domestic abuse injunction. He also asserts that during that phone call he was told that because the request for an extension was filed "ex parte," the circuit court refused to acknowledge it. Although this assertion is not part of the record, we note this assertion to place the chronology of events in proper context.

year restraining order. According to § [813.12(3)(aj)], Wis. Stats., "[t]he judge or circuit court commissioner may grant only the remedies requested . . . ."

c. While § [813.12(4)(a)2.], Wis. Stats. generally requires the petitioner to notify and serve upon the respondent the injunction "petition and notice of the time for hearing on the issuance of the injunction," § [813.12(4)(c)4.], Wis. Stats. states that "[n]otice need not be given to the respondent before extending an injunction under subd. 2. The petitioner shall notify the respondent after the court extends an injunction under subd. 2." This is exactly the situation in the case at hand.

d. The petitioner has taken the steps to initiate a divorce proceeding against the respondent in Marquette county. This office will be representing her in that action.

A hearing on the motion for reconsideration was held on August 16, 2004.

¶ 8. On August 24, 2004, the circuit court sent a letter to Jennifer's attorney saying

You persist in filing ex-parte requests in this matter. Your July 9, 2004 letter was not copied to the other party; it made no request for a hearing and no notice was provided to respondent.

Now, your motions have been filed, after the injunction expired. The Court has lost personal jurisdiction over the person of Jonathan Switzer.

Your draft order is being returned and will not be accepted ex-parte.

Following Jennifer's request for a final order denying her motion for reconsideration, the court entered a written order on September 23, 2004, dismissing the

action and dissolving the injunction; the court also denied Jennifer's motion, thereby denying her July 9, 2004 request for an extension of her domestic abuse injunction. The circuit court concluded that it lost personal jurisdiction over Jonathan because the first order extending the injunction had expired prior to "any further extension [being] duly moved . . . ." Jennifer filed a notice of appeal on November 5, 2004.

## DISCUSSION

¶ 9. Jennifer argues the circuit court erred in the following ways: (1) by limiting the injunction to ninety days if she did not file for divorce within ninety days of issuing the injunction; (2) by failing to include in the injunction order a surrender-of-firearms provision as required by WIS. STAT. § 813.12(4m)(a)2.; and (3) by denying her request for an extension of the domestic abuse injunction because, under § 813.12(4)(c)2., the court shall, upon the petitioner's request, extend a domestic abuse injunction up to four years from the date of issuing the injunction, even after the injunction has expired.[3]

---

[3] Jennifer also contends the circuit court erred by rejecting her July 9, 2004 request to extend the injunction on the basis that Jonathan failed to receive notice of her request and because no hearing was held. We observe that the circuit court did not include these grounds in its September 23, 2004 final order denying Jennifer's motion for reconsideration. However, we note that WIS. STAT. § 813.12(4)(c)4. expressly states "[n]otice need not be given to the respondent before extending an injunction under subd. 2. The petitioner shall notify the respondent *after* the court extends an injunction under subd. 2." (Emphasis added.) Thus, according to the clear and unambiguous text of this section, a petitioner is not required to provide the respondent any notice that an extension of an injunction is

¶ 10. We conclude that because Jennifer failed to timely appeal the February 13, 2004 injunction order, we lack jurisdiction to consider whether the circuit court erred by limiting the injunction to ninety days if Jennifer did not file for divorce within ninety days of issuing the injunction. We also conclude that because Jennifer failed to timely appeal the May 13, 2004 order extending the injunction, which incorporated by reference all terms and conditions imposed in the original injunction, including the deletion of the firearms prohibition provision, we lack jurisdiction to consider that issue. However, because Wis. Stat. § 813.12(4)(c)2. requires a circuit court to extend an injunction if a petitioner states an extension is necessary for her or his protection and if the first injunction was granted for less than four years and has expired, we conclude the circuit court erred by denying Jennifer's motion for reconsideration.

*Standard of Review*

¶ 11. All the issues before us involve the interpretation of Wis. Stat. § 813.12, Wisconsin's domestic abuse restraining order and injunction statute. Issues of statutory interpretation are questions of law subject to our de novo review. *Hayen v. Hayen*, 2000 WI App 29, ¶ 6, 232 Wis. 2d 447, 606 N.W.2d 606. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681

being sought; the only notice the respondent is entitled to receive under this section shall be provided after the court extends the injunction.

N.W.2d 110. In construing a statute we are to give deference to the policy choices made by the legislature in enacting the law. *See id.* To that end, if the statutory language is plain and unambiguous we apply the statute by giving it its usual and common meaning. *Id.,* ¶ 45. We begin by considering Jennifer's third argument that the circuit court erred by denying her July 9, 2004, request to extend the domestic abuse injunction.

*Jennifer's Request to Extend the Domestic Abuse Injunction After Expiration of that Injunction*

■
¶ 12. Jennifer argues the circuit court erred by denying her July 9, 2004, request for an extension of the domestic abuse injunction. She contends the circuit court wrongly concluded it had no authority to grant an extension after the injunction expired. We agree.

¶ 13. We address Jennifer's contention by first reviewing WIS. STAT. § 813.12(4)(c)2., which states "When an injunction granted for less than 4 years expires, the court shall extend the injunction if the petitioner states that an extension is necessary to protect him or her. This extension shall remain in effect until 4 years after the date the court first entered the injunction." Jennifer asserts that under the clear and unambiguous language of § 813.12(4)(c)2., the circuit court was required to extend the injunction, even after it expired. We conclude the only reasonable interpretation of § 813.12(4)(c)2. supports Jennifer's contention.

¶ 14. To better understand what WIS. STAT. § 813.12(4)(c)2. requires of a circuit court, we itemize its elemental parts: (1) When an injunction granted for less than four years expires; (2) the court *shall* extend the injunction if (3) the petitioner states that an

extension is necessary to protect him or her. In addition, upon the petitioner's request, a circuit court shall extend an injunction for no more than four years after the date the court first entered the injunction. WIS. STAT. § 813.12(4)(c)2. Put another way, if the initial injunction was for less than four years, but expired, and a petitioner states that an extension is necessary to protect him or her, the court *shall* extend the injunction for up to four years from the date the injunction was first granted.

¶ 15. The plain language of the statute expresses the legislature's intent to cloak victims of domestic abuse with substantial protection by creating "procedural mechanisms . . . to alleviate the inherent problem of preventing further abuse . . . ." *Schramek v. Bohren*, 145 Wis. 2d 695, 711, 429 N.W.2d 501 (Ct. App. 1988). One of these mechanisms is the option of obtaining an injunction for up to four years at an initial injunction hearing. *See* WIS. STAT. § 813.12(4)(c)1.[4] However, in those instances when a victim, for whatever reason, decides at the injunction hearing to forego the full four years, under this statutory framework a victim may return to court and obtain an extension for up to the remaining four years. *See* WIS. STAT. § 813.12(4)(c)2. This is so even where the injunction has expired. This statutory scheme affords victims flexibility by tailoring

[4] WISCONSIN STAT. § 813.12(4)(c)1. provides:

> *An injunction under this subsection is effective according to its terms, for the period of time that the petitioner requests, but not more than 4 years.* An injunction granted under this subsection is not voided if the petitioner allows or initiates contact with the respondent or by the admittance of the respondent into a dwelling that the injunction directs him or her to avoid.

(Emphasis added.)

the initial injunction to fit their own unique circumstances at the time; the degree of risk he or she perceives at the initial injunction hearing may not warrant a four-year injunction. On the other hand, should those circumstances change such that longer protection is required, victims may, by simply requesting in a letter or other writing, obtain an injunction for up to the duration they were initially entitled to receive.

¶ 16. There is a second reason why our construction of WIS. STAT. § 813.12(4)(c)2. is the only reasonable one. There is no requirement in § 813.12(4)(c)2. that the request must be made before an injunction for less than four years expires. The statute says "When an injunction . . . expires . . . ." Thus, § 813.12(4)(c)2. clearly and unambiguously requires the circuit court to grant a request to extend an injunction granted for less than four years, assuming all other requirements are met, even when the request is submitted after the injunction expires.

¶ 17. Applying our analysis of WIS. STAT. § 813.12(4)(c)2. to this case, we see that the circuit court entered the initial injunction on February 13, 2004. The injunction was effective until "2/13/2008 or 90 days if no divorce is filed . . . ." In other words, unless Jennifer filed for divorce within ninety days of the injunction order, the injunction would expire. Setting aside for the moment the erroneous nature of this order (the circuit court lacked the authority to make the four-year injunction conditional on Jennifer filing a divorce action within ninety days of the injunction order, *see Hayen*, 232 Wis. 2d 447, ¶ 19), this injunction was granted for less than four years. Thus, should Jennifer request an extension under § 813.12(4)(c)2., the circuit court would be required to grant the extension for any duration up to four years from the date the

injunction was first granted; here, the injunction could be extended to February 13, 2008.

¶ 18. On May 13, 2004, Jennifer did request an extension, but only for another sixty days to allow her time to file a divorce action before the injunction expired. She again did not file for divorce. Then, in a letter from her attorney dated July 9, 2004, Jennifer requested another extension for the full four years, until February 13, 2008.

¶ 19. According to our analysis of WIS. STAT. § 813.12(4)(c)2. the circuit court was required to grant Jennifer's July 9, 2004, extension request. The initial injunction was granted on February 13, 2004; the July 9, 2004, request was made well within the four-year period as required by statute and was for a period not exceeding four years, the same amount of time Jennifer would have been automatically entitled to had she so requested at the February 13 hearing. In addition, Jennifer informed the court in the July 9, 2004 letter that the extension was necessary for her protection. Finally, assuming that Jennifer's extension request was received by the circuit court after the first extension expired on July 11, 2004, the circuit court was still required under § 813.12(4)(c)2. to grant the extension.

¶ 20. However, the circuit court denied Jennifer's request to extend the injunction because, in its view, it no longer had personal jurisdiction over Jonathan because the request was made after the injunction expired. But in applying WIS. STAT. § 813.12(4)(c)2. to these facts, we perceive no reason why the expiration of the injunction caused the circuit court to lose personal jurisdiction over Jonathan.[5] In our view, it is not a

---

[5] A circuit court obtains personal jurisdiction over a respondent in a WIS. STAT. § 813.12 proceeding when an action is

question of whether the court had personal jurisdiction over Jonathan, but whether the circuit court had the statutory authority to grant the extension after it expired. Because we conclude a circuit court is required under § 813.12(4)(c)2. to extend an injunction under the proper circumstances, even after it has expired, it follows that a court has the authority to grant an extension request after the injunction has expired.

*The Duration of the Domestic Abuse Injunction*

¶ 21. Jennifer makes two arguments in support of her contention that the circuit court improperly limited the duration of her domestic abuse injunction to "2/13/2008 or 90 days if no divorce is filed . . . ." First, she contends that under WIS. STAT. § 813.12(4)(aj)[6] the circuit court is required to grant the remedies requested by the petitioner and that under § 813.12(4)(c)1., the court is required to grant an injunction for the period of time requested by the peti-

commenced and a respondent is served pursuant to § 813.12(2).

[6] WISCONSIN STAT. § 813.12(4)(aj) provides:

> In determining whether to issue an injunction, the judge or circuit court commissioner shall consider the potential danger posed to the petitioner and the pattern of abusive conduct of the respondent but may not base his or her decision solely on the length of time since the last domestic abuse or the length of time since the relationship ended. *The judge or circuit court commissioner may grant only the remedies requested by the petitioner.* The judge or family [circuit] court commissioner may not dismiss or deny granting an injunction because of the existence of a pending action or of any other court order that bars contact between the parties, nor due to the necessity of verifying the terms of an existing court order.

(Emphasis added.)

95

tioner, up to four years. According to Jennifer, she believed she requested a four-year injunction when she filed her injunction petition. Second, Jennifer contends that by effectively forcing her to seek injunctive relief in a divorce proceeding under WIS. STAT. ch. 767, the circuit court erred by mixing "divorce relief with remedies designed specifically to end abuse . . . ." *Hayen,* 232 Wis. 2d 447, ¶19 (citation omitted). Although we agree there is merit to both contentions,[7] we conclude that because Jennifer failed to timely appeal this issue, we have no jurisdiction to address it.

¶ 22. The circuit court granted the first injunction on February 13, 2004. Jennifer was required to appeal any objections to that order within ninety days of the order. *See* WIS. STAT. §§ 808.04(1)[8] and

---

[7] Although we do not decide this issue, we direct the circuit court's attention to WIS. STAT. §§ 813.12(4)(aj) and (4)(c)1, which provide, respectively, that a circuit court "may grant only the remedies requested by the petitioner" and that "[a]n injunction . . . is effective according to its terms, for the period of time that the petitioner requests, but not more than 4 years." In other words, the circuit court shall grant the remedies requested by a petitioner under WIS. STAT. § 813.12, including an injunction for no longer than four years. Occasionally, petitioners will forget to specify how long they wish for the injunction to be in effect. In that instance, we recommend the circuit court establish the time period of the injunction by asking the petitioners at the injunction hearing how long they desire it.

We also note that under *Hayen v. Hayen,* 2000 WI App 29, ¶19, 232 Wis. 2d 447, 606 N.W.2d 606, we said "the determinations made and the relief granted under § 813.12 . . . are separate and distinct from determinations and relief under ch. 767 . . . ." In other words, a circuit court shall avoid mixing "divorce relief with remedies designed specifically to end abuse . . . ." *Id.* (citation omitted).

[8] WISCONSIN STAT. § 808.04(1) states in pertinent part:

809.10(1)(e).[9] Jennifer did not. The notice of appeal filed on November 5, 2004, related to the circuit court's denial of her motion for reconsideration, entered on September 23, 2004. Consequently, we cannot consider the objection Jennifer makes here.

*Striking the Surrender-of-Firearms Provision in the Injunction Order*

¶ 23. Jennifer next argues the circuit court erred by crossing out the surrender-of-firearms provision in the standard form on which the injunction order was written. Under Wis. Stat. § 813.12(4m)(a)2. a domestic abuse injunction shall contain a provision requiring the domestic abuser to surrender his or her firearms, in the absence of two exceptions not applicable here.[10] We cannot, however, address Jennifer's argument because

---

INITIATING AN APPEAL. An appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in s. 806.06(5), or *within 90 days* of entry if notice is not given . . . .

(Emphasis added.)

[9] WISCONSIN STAT. § 809.10(1)(e) provides: *"Time for filing.* The notice of appeal must be filed within the time specified by law. The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal."

[10] WISCONSIN STAT. § 813.12(4m) provides, in relevant part:

NOTICE OF RESTRICTION ON FIREARM POSSESSION; SURRENDER OF FIRE-ARMS. (a) An injunction issued under sub. (4) *shall* do all of the following:

1. Inform the respondent named in the petition of the requirements and penalties under s. 941.29.

she failed to timely appeal the circuit court's May 13, 2004 order granting her request to extend the injunction for sixty days.

¶ 24. Before we explain why we have no jurisdiction to decide this question, we first determine which order Jennifer should have timely appealed. The first injunction was entered on February 13, 2004; on that standard form the surrender-of-firearms provision was crossed out. On May 13, 2004, the circuit court extended the February 13 injunction for sixty days; the order was also issued on a standard form that contained other provisions, which incorporated by reference all terms and conditions of the first injunction order, including the crossed-out surrender-of-firearms provision. Because the May 13 order also included by reference the crossed-out surrender-of-firearms provision from the February 13 order, we conclude Jennifer was

---

2. Except as provided in par. (ag), *require the respondent to surrender any firearms that he or she owns or has in his or her possession to the sheriff of the county in which the action under this section was commenced, to the sheriff of the county in which the respondent resides or to another person designated by the respondent and approved by the judge or circuit court commissioner.* The judge or circuit court commissioner shall approve the person designated by the respondent unless the judge or circuit court commissioner finds that the person is inappropriate and places the reasons for the finding on the record. If a firearm is surrendered to a person designated by the respondent and approved by the judge or circuit court commissioner, the judge or circuit court commissioner shall inform the person to whom the firearm is surrendered of the requirements and penalties under s. 941.29(4).

(ag) If the respondent is a peace officer, an injunction issued under sub. (4) may not require the respondent to surrender a firearm that he or she is required, as a condition of employment, to possess whether or not he or she is on duty.

(Emphasis added.)

required to file a notice of appeal within ninety days of May 13, 2004, indicating her objection to the striking of that provision.

¶ 25. However, Jennifer filed her notice of appeal on November 5, 2004. According to Wis. Stat. §§ 808.04(1) and 809.10(1)(e), Jennifer was required to file a notice of appeal of the circuit court's May 13, 2004 order within ninety days of the order. Because Jennifer failed to file a notice of appeal within that time period, we lack jurisdiction to consider the question presented here.

*By the Court.*—Order reversed and cause remanded with directions.